## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **INTERNATIONAL FIDELITY INSURANCE CO.,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | **CV-04-BE-0122-S** |
| **v.** | ] | |
| | ] | |
| **DUNN BUILDING COMPANY, LLC, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

### MEMORANDUM OPINION

This case is before the court on Dunn Building's Motion to Strike Portions of Georgia Surety's Evidentiary Materials Offered in Support of its Motion for Summary Judgment (doc. 80).  For the reasons set forth below, the court finds that Dunn's Motion is due to be **GRANTED in part** and **DENIED in part**.  Specifically, the Motion is **GRANTED** as to Exhibits A, C, D, F, W, and X, contained in Georgia Surety's Evidentiary Submission in Support of its Motion for Summary Judgment (doc. 56).  The Motion is **DENIED** as to all remaining exhibits.  Georgia Surety is granted leave to cure the defects related to Exhibits A, C, D, F, W, and X **on or before March 8, 2006**.

Dunn argues that Georgia Surety failed to authenticate or lay a foundation for the documents submitted in support of Georgia Surety's Brief in Support of its Motion for Summary Judgment (doc. 55).  Specifically, Dunn contends that Georgia Surety did not authenticate any of the documents (except for Exhibits B and V), nor did it lay a foundation to remove those exhibits from the ambit of the hearsay and opinion evidence rules.

### I.  Authentication.

Dunn contends that Georgia Surety failed to authenticate almost all of the evidentiary

documents submitted in support of its Motion for Summary Judgment.  For purposes of summary judgment, evidence need only be capable of being reduced to admissible form at trial.  *See Celotex v. Catrett*, 477 U.S. 317, 324-25 (1986); *see also United States Aviation Underwriters, Inc. v. Yellow Freight System, Inc.*, 296 F. Supp. 2d 1322, 1334 (S.D. Ala. 2003) (stating that, "[i]n general, documents must be properly authenticated to be considered at summary judgment, *unless* it is apparent that they can be reduced to admissible, authenticated form at trial") (emphasis added).  Moreover, "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Fed. R. Evid. 901(a).

The court finds that the deposition testimony of Dunn's corporate representative, John Lankford, was sufficient to authenticate the documents at issue for purposes of summary judgment.  During his deposition, Lankford discussed almost all of the documents at issue, and the documents were marked with exhibit stickers referencing their use at the deposition.  Dunn, through Lankford, did not challenge any of these documents as forgeries, and in several instances, Lankford testified that he was the one who produced/wrote the document.[1]

Only two documents were not discussed during Lankford's deposition.  Those documents were Roofer's Unlimited's signed, handwritten bids that were written on company letterhead.[2] The court finds that these documents could be authenticated and reduced to admissible form at trial if (1) the signatore testified to the authenticity of the document; or (2) a non-expert testified

---

[1]*See* Lankford's Dep., dated 10/21/2005, p. 171 (stating that Exhibit S to Georgia Surety's Motion for Summary Judgment was a "letter from me, John Lankford, to Lenora Cape of Georgia Surety"); *see also Id*., pp. 83-84 (recalling a letter listed as Exhibit I to Georgia Surety's Motion for Summary Judgment that he himself wrote to Tom Crutchfield on June 4, 2003).

[2]Evidentiary Exhibits C and D to Georgia Surety's Motion for Summary Judgment.

as to the genuineness of the signatore's hand-writing. *See* Fed. R. Evid. 901(b)((1) & (2).

Accordingly, failure to authenticate is not a valid basis to strike Georgia Surety's evidentiary

submissions, and the Motion is denied on that ground.

**II.  Hearsay.**

The documents attached to Georgia Surety's Motion for Summary Judgment can be

generally categorized into four groups: (1) the Roofing Subcontract [Exhibits A, C, D, F, and W];

(2) Progress and Inspection Reports [Exhibits G, J, K, L, M, N, P, R, and T]; (3) Letters from

Dunn [Exhibits I, Q, S, U, Y, Z, and AA]; and (4) the Bonds (Exhibit X).  Dunn argues that each

of these documents constitute inadmissible hearsay.  Georgia Surety argues that these records are

admissible pursuant to the definition of non-hearsay and the exceptions to hearsay.

An admission by a party-opponent is non-hearsay.  Fed. R. Evid. 801(d)(2).  Specifically,

such an admission is a

> statement offered against a party and is (A) the party's own statement, in either an
> individual or a representative capacity or (B) a statement in which the party has
> manifested an adoption or belief in its truth, or (C) a statement by a person
> authorized by the party to make a statement concerning the subject, or (D) a
> statement by the party's agent or servant concerning a matter within the scope of
> the agency or employment, made during the existence of the relationship, or (E) a
> statement by a co-conspirator of a party during the course and in furtherance of
> the conspiracy.

*Id*.

The Progress and Inspection Reports are documents pertaining to meetings and

inspections conducted by either Major Holland, the architect of the Hyundai Project, or Scott

Ray, a sales representative for Mule Hide Products.  These Reports detail specific problems

associated with the roof and the resultant delays.  In his deposition, corporate representative John

Lankford discussed these documents with varying degrees of specificity, and in no instance did

Lankford challenge the veracity of these Reports.  The court, after reviewing the deposition and

exhibits, concludes that these Reports constitute an admission by a party-opponent because Dunn, through its corporate representative, manifested an adoption or belief in the truth of those documents. *See* Fed. R. Evid. 801(d)(2)(B).  Dunn's Motion as to the Progress and Inspection Reports is **DENIED**.

Likewise, the Letters from Dunn are properly characterized as admissions by a party-opponent.  John Lankford, in his capacity as Dunn Building Company's Project Manager, wrote several letters to Crutchfield Insurance Agency, Roofers Unlimited, Georgia Surety, and International Fidelity and Insurance regarding the status of the project.  These letters discuss, among other things, the progress of the project, some of the problems associated with it, and the corrective actions taken.  The court finds that Lankford's status as a project manager for Dunn Building is enough to establish that he either (1) wrote the letters in a representative capacity; (2) was authorized to write those letters; or (3) wrote the letters as an agent of Dunn.  Accordingly, the Letters from Dunn are admissions by a party-opponent and are not hearsay.  *See* Fed. R. Evid. 801(d)(2)(A), (C), and (D).  Dunn's Motion as the Letters from Dunn is **DENIED**.

Georgia Surety argues that the Roofing Subcontracts and the Bonds fall within the business records exception to hearsay.  This exception states that

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witnesses, or by certification that complies with rule 902(11), Rule 902 (12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.  The term "business" as used in this paragraph includes businesses, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed. R. Evid. 803(6).  The Eleventh Circuit has elaborated on this exception by determining that

> [t]he plain language of Rule 803(6) permits the introduction of business records
> that would otherwise be inadmissible as hearsay evidence provided that the
> testimony of the custodian or other qualified witness verifies the record-keeping
> procedure of the document in question and confirms that such document is created
> as part of normal business practice.

*United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001; *see also City of Tuscaloosa v.*

*Harcross Chems., Inc.*, 158 F.3d 548, 559 n.12 (11th Cir. 1998) (noting that "[f]rom the record on

appeal, the [purported business record] appears not to satisfy the requirements of the business

records exception because the record reveals no attempt whatsoever to authenticate [the

purported business record], as is explicitly required by Rule 803(6).")

The Roofing Subcontracts and the Bonds appear to be legitimate, authentic business

documents.  However, Georgia Surety's *statement* that these documents "are kept in the ordinary

and regular course of Dunn's business activity and excluded from the hearsay rule"[3] is not

enough to satisfy the requirements of Rule 803(6).  Accordingly, Dunn's Motion as to the

Roofing Subcontracts and the Bonds is **GRANTED**.  However, Georgia Surety is granted

**LEAVE** to cure these defects by filing with the court submissions sufficient to establish a

foundation from which the court can conclude the Roofing Subcontracts and the Bonds fall

within the business records exceptions.  Said submission shall be filed **on or before March 8,**

**2006**.

DONE and ORDERED this 1st day of March, 2006.


_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[3]Georgia Surety's Resp., p. 10.